# Memo of Law

## EMERGENCY WRIT OF HABEOUS CORPUS

### PRELIMINARY STATEMENT

Article 1, Section 13 of the Florida Constitution provides: "The writ of habeas corpus shall be grantable of right, freely and without cost." This petition for habeas corpus relief is being filed to address substantial claims of error, which demonstrate Mr. Rocha was deprived his rights from illegal searches and seizures according to 4th amendment.

### INTRODUCTION

A court's inherent equitable powers were recently explained in Holland v. Florida, 130 S. Ct. 2549, 2563 (2010), where the U.S. Supreme Court explained:

> But we have also made clear that often the "exercise of a court's equity powers . . . must be made on a case-by-case basis." Baggett v. bullitt, 377 U.S. 360, 375 (1964). In emphasizing the need for "flexibility," for avoiding "mechanical rules," Holmberg v. Armbrecht, 327 U.S. 360, 375 (1946), we have followed a tradition in which courts of equity have sought to "relieve hardships which, from time to time, arise from a hard and fast adherence" to more absolute legal rules, which, if strictly applied, threaten the "evils of archaic rigidity," Hazel-Atlas Glass Co. V. Hartford-Empire Co., 322 U.S. 238, 248 (1944). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." Ibid.

The circumstances presented by Mr. Rocha in this petition demonstrate "exceptional circumstances" in violation of the 4th amendment of the U.S. Constitution, such that "reliance on the previous decision and extreme malfunctions in the state criminal justice systems would result in miscarriage of justice."

If the defendant is in custody and there is no probable cause for holding him, he has immediate remedy through habeas corpus or provisions of rules of criminal procedure relating to preliminary hearing. State ex rel. Hanks v Goodman, 253 So. 129 (1971).

Under rule governing whether probable cause warrants detaining an arrestee pending proceedings, "probable cause" means a reasonable ground of suspicion supported by

circumstances strong enough to warrant a cautious person to believe that the named suspect is guilty of the charged offense. Gould v. State, App. 2 Dist. 974 So. 2d 441 (2007).

Ineffective assistance of counsel was also an issue problematic in that the manner of appointment was late. After release from detention, Mr. Rocha (Defendant) had waited more than a month for an appointment of counsel from the Broward Public Defender's office from which counsel never contacted Mr. Rocha after repeated calls and messages. However, Defendant filed Motion to Dismiss case, which was denied. Defendant filed Motion for Discovery and Demand Speedy Trial, which also denied. Then the State finally decided to file charges by information after months of waiting and a few days after provided discovery with a another Public Defender assigned that removed my warrant for arrest due to Pretrial conditions.

to establish ineffective assistance of counsel he must meet the two-pronged test set out in Strickland v. Washington, 466 U.S. 668, 678, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, there must be a showing that the deficient performance so prejudiced the defense that defendant was deprived of a fair trial.

Therefore, Defendants' many federal and state rights have been and continue to be violated and request this Federal Court grant habeous relief. Mindful that the "writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action," Harris v. Nelson, 394 U.S. 286, 290-91, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969).

## JURISDICTION TO ENTERTAIN PETITION AND GRANT HABEAS CORPUS RELIEF
### Miscarriage of Justice

The petition presents issues which directly concern the constitutionality of Mr. Rocha's no probable cause arrest, detention, very belated charge, and pretrial release. This Court has jurisdiction to entertain a petition for a writ of habeas corpus, an original proceeding governed by Fla. R. App. P. 9.100. This Court has original jurisdiction under Fla. R. App. P. 9.030(a)(3) and Article V, § 3(b)(9), Fla. Const. The Constitution of the State of Florida guarantees that "[t]he writ of habeas corpus shall be grantable of right, freely and without cost." Art. I, § 13, Fla. Const.

Mr. Gould claims that "first appearance judges in the Tenth Judicial Circuit routinely accept unsworn, conclusory uniform traffic citations from arresting officers to justify the arrest and continued detention of [DUI suspects]." The State does not dispute this assertion. Because this petition presents a question capable of repetition yet evading review, this court has jurisdiction to hear the merits even if the petition is moot. *See* Enter. Leasing Co. v. Jones, 789 So.2d 964, 965 (Fla. 2001) (holding that the court may retain jurisdiction despite mootness because the issue on appeal is likely to recur).

Circuit court's application of incorrect, language in disposing of petition for writ of habeous corpus that sought relief from driving under the influence (DUI) arrest and continued detention resulted in a "miscarriage of justice" warranting appellate court's exercise of certiorari jurisdiction to quash the order; the denial of the petition established the general principle that a uniform traffic citation could provide sole proof of probable cause for defendant's arrest and continued detention and the decision was binding on county courts within the circuit. Gould v. State, App. 2 Dist., 974 So. 2d 441 (2007)

Makemson v. Martin County, 491 So. 2d 1109 (1986)(noting that "[t]he courts have authority to do things that are essential to the performance of their judicial functions. The unconstitutionality of a statute may not be overlooked or excused").

The security of human rights and the safety of free institutions require freedom of action on the part of the court." Rose v. Palm Beach City, 361 So. 2d 135, 137 n.7 (1978).

## STATEMENT OF THE CASE

Defendant was arrested on 9/10/22, and finally charged by information after a long belated delay on 11/17/2022, past the 30 day filing time limit and wrongfully charged. Then, arrainged on 12/28/2022 in court with warrant removed by new Public Defender and wrongfully placed on PTR.

During the arrest, CBP agent held me with handcuffs behind my back tightly for over an hour at the Marina restaurant. And falsely stating that he smelled alcohol, after being onsite being fingerprinted, a Fort Lauderdale Marine police returned and stated that I had a PARDON. After about an hour, FWC arrived and CBP released me from handcuffs, after my arms were numb and worn out from being handcuffed for so long, causing me to be extremely frustrated.

Further, I stated that to FWC Davis when he asked that I was a felon in possession of a firearm, I responded with that I have PARDON. Then, Davis asked if I had a concealed permit, I responded with the same thing I said to the CPB agent that asked the same question, "Do you have a concealed permit?" I have a fishing license.

Nevertheless, FWC continued with their arrest and asked me to do a sobriety test when my arms were still numb and worn out. Davis wrongly said I failed the sobriety test but he did not make false allegations that I smelled like alcohol, like CBP did, and they omitted that in the police reports. I asked to resolve this false allegation of alcohol, I told Davis to breathalyze me

right there on the spot on location at the marina gas station. But he said it has to be downtown at the BSO. Handcuffed again, fast forward at BSO, I blew a zero, 0 on the breathalyzer. I asked for an attorney. They continued to arrest without probable cause.

Next day in jail, at the makeshift probable cause magistrate, it was early in the morning and they moved fast, someone read some charges that were wrong and overinflated. Whatever I could remember was said, "felon in possession of firearm and BUI both felonies". But I can remember someone in the background stating that I have a PARDON. Yet that seemed to be ignored by the dumb magistrate, about the PARDON. ( EXIHIBITS  - probable cause determination sheet and BSO Dui/ Alcohol Influence Report reflecting 0 zero for alcohol)

There was no crash to indicate any bad boat riding on my part and on the contrary I earlier avoided a possible accident from another boat. The ride coming back from the Ft. Lauderdale Inlet was in fairly choppy waters, which rocks the medium sized boat. This shall clearly indicate that my faculties were not impaired. I stopped when the CBP boat pulled up behind me and on the side of me to pull over. The agents perceptions of me were mostly wrong. I had been pulled over many times before by other departments and was wondering why CBP was pulling me over. Asking me the same dumb questions.

However, during the filing of information and arraignment thereof the state tried to make some corrections by changing to possession of concealed and lowering the felony BUI to a misdemeanor after noticing the results of no intoxication on the alcohol and other reports.

## GROUNDS FOR HABEAS CORPUS RELIEF

By this petition for a writ of habeas corpus, Defendant asserts that his arrest, detainment, charges was obtained and then, by the Broward court, in violation of his rights guaranteed by the

4th, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution.

## CLAIM I

## THE PROSECUTORS' MISAPPLICATION OF THE LAWS AND FACTS IN Fl St. 790.01 AND 790.06 BUT 790.25(3) LISTS THE MATTERS INAPPLICABLE TO THE CHARGE THUS BEING ERRONEOUS AND PREDUJICIAL.

In this instant matter, Defendant was driving a fishing boat in the fishing waters in Ft. Lauderdale. Therein, Defendant was returning to the Ft. Lauderdale Marina where he was parked with gear. But was stopped by CBP, returning to the Marina after warming up the old boat for 10 minutes.

Ensor v. State, 403 So.2d 349, 354 (Fla. 1981), the effect of Florida's weapon licensing provisions or the effect of the exceptions thereto. *See* §§ 790.05, .06, .25, Fla. Stat. (1979).

FL statutes. 790.25 Lawful ownership, possession, and use of firearms and other weapson. –

(3)  LAWFUL USES.—The provisions of ss. **790.053** and **790.06** do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:

(h)  A person engaged in fishing, camping, or lawful hunting or going to or returning from a fishing, camping, or lawful hunting expedition;

CBP and FWC officers repeatedly asked for a concealed permit. But Defendant stated in having a fishing license, which is an exception of the enumerated lists to make Fl St. 790.06 requiring a permit to be excepted. In accordance to 790.25(3)(h) a person engaged in fishing, camping, or lawful hunting or going to or returning from a fishing, camping, or lawful hunting expedition.

**Law Insufficient to Afford Basis for Arrest and Conviction of Person Which is So Indefinite Party Is Unable to Determine What Course to Pursue to Avoid Violation.**

**Law Valid on Its Face Applied in Unconstitutional Manner.**

**Habeas Corpus — Constitutionality of Municipal Ordinance by Habeas Corpus Tested by Criminal Court of Appeals.** While the Criminal Court of Appeals does not look with favor upon testing the constitutionality of a municipal ordinance by habeas corpus, where individuals are incarcerated in jail and charged with a violation of such ordinance and it becomes necessary to pass upon the constitutionality of the ordinance in order to determine the validity of the arrest, the Criminal Court of Appeals will assume the burden and do so.

**Constitutional Law — Where Validity of State Statute or Municipal Ordinance Involved, Remedy in Civil Courts.** Where the validity of a state statute or municipal ordinance is involved the parties affected thereby should ordinarily pursue their remedy in the civil courts where all interested parties may appear and assert their rights.

Jones v Eads 97 okla crim 225

Cooper v Sinclair, 66 So. 2d 702 (1953) is in conflict with the Constitution of the State of Florida and the Constitution of the United States

The second procedural issue concerns whether habeas corpus proceedings are a proper vehicle for the constitutional challenge of a statute. To dispose of this question we need only cite to several of a myriad of cases which have held that a writ of habeas corpus may be utilized by an accused to challenge the constitutionality of a statutory provision under which he is charged. *E.g., State ex rel. Lee v. Buchanan,* 191 So.2d 33 (Fla. 1966); *Roberts v. Schumacher,* 127 Fla. 461, 173 So. 827 (1937); *Lehman v. Sawyer,* 106 Fla. 396, 143 So. 310 (1932); *Buchanan v. State ex rel. Hunt,* 171 So.2d 186 (Fla. 3d DCA 1965). Sandstrom v. Leader, 370 So. 2d 3 (Fla. 1979)

We now come to the crux of the case before us — whether section 400.17, subsections (1)(b) and (2)(a), Florida Statutes (1977), are unconstitutionally vague. Appellees properly concede that the necessary inquiry is whether the provisions forbid the doing of an act in terms so vague that individuals of common intelligence must guess at their meaning. *Brown v. State,* 358 So.2d

16 (Fla. 1978); *D'Alemberte v. Anderson*, 349 So.2d 164 (Fla. 1977); *State v. Wershow*, 343 So.2d 605 (Fla. 1977).

United States v. Archer, **531 F.3d 1347** (11th Cir. 2008) Anyone licensed to carry a concealed firearm under § 790.06 is exempt from the provisions of § 790.01(2). Fla. Stat. § 790.01(3).

## ASSAULTS AND ATTACKS BY POLICE OFFICERS WHEN CITIZENS ARE EXCERCISING 2ND AMENDMENT BY FL STATUTES

https://www.youtube.com/watch?v=lul6x5KabC0&t=30s

### CLAIM II

### PROSECUTORS ARE CHARGING A BUI WITH NO EVIDENCE OF INTOXICATION DUE TO ARRESTING OFFICERS FALSE AND PERJURED TESTIMONY AND FALSIFICATION OF THE REPORTS. NO PROBABLE CAUSE IS A MISCARRIAGE OF JUSTICE

Defendant was not consuming alcohol and driving boat while returning to marina and there was no accident. Nevertheless, marine police stopped Defendant riding the boat and after falsely alleged the smell of alcohol which I did not believe at first that they were talking about me. Thereafter, Defendant was transferred over to FWC from CBP. And FWC did not state that Defendant smelled like alcohol, which was not included in the police report. Still, FWC continued to allege BUI in using protocols of alcohol testing. And finally with wrong firearm charge and absolutely with no evidence arrested Defendant with BUI. The BUI information correctly stated Defendant had a zero, 0 level of alcohol for the report and thus, no intoxication with the other following report of no intoxication, except a false positive.

### A. Essential Requirements of the Law

The circuit court's denial of Mr. Gould's emergency petition for writ of habeas corpus departed from the essential requirements of the law because the circuit court applied

incorrect law. *See* Dep't of Highway Safety Motor Vehicles v. Kurdziel, 908 So.2d 607, 609 (Fla. 2d DCA 2005).

Here, Defendant raises two issues: (1) whether the magistrate applied the standards for issuance of an arrest warrant when determining probable cause for pretrial detention and (2) whether the reports by FWC charging him with BUI constituted sufficient evidence to support the magistrate's finding of probable cause.

> as Mr. Gould argued in his petition, the circuit court should have relied on rule 3.133(a)(3) and the cases interpreting that rule. Rule 3.133(a)(3) provides:
>
> Upon presentation of proof, the judge shall determine whether there is probable cause for detaining the arrested person pending further proceedings. . . . In determining probable cause to detain the defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.
>
> Under rule 3.133(a)(3), "'[p]robable cause' means a reasonable ground of suspicion supported by circumstances strong enough to warrant a cautious person to believe that the named suspect is guilty of the charged offense." *Perry v. State*, 842 So.2d 301, 303 n. 2 (Fla. 5th DCA 2003). Thus rule 3.133(a)(3) required that the circuit court determine whether the magistrate's finding of probable cause was supported by circumstances strong enough to warrant a cautious person to believe that Mr. Gould was guilty of DUI.

Under the DUI statute, a person is guilty of DUI if he or she is driving or in actual physical control of a vehicle within this state and he or she is under the influence of alcohol or drugs to the extent that (1) his or her normal faculties are impaired, (2) his or her blood-alcohol level is 0.08 or more grams of alcohol per 100 milliliters of blood, or (3) his or her breath-alcohol level is 0.08 or more grams of alcohol per 210 liters of breath. § 316.193(1), Fla. Stat. (2006). The uniform traffic citation charging Mr. Gould with DUI was insufficient to establish probable cause because it did not include any facts indicating that his normal faculties were impaired and showed that his breath-alcohol level was 0.00. Absent a sworn affidavit indicating that Mr. Gould's normal faculties were impaired, the first appearance magistrate had no basis for finding probable cause for Mr. Gould's arrest and detention.

Moreover, the core issue presented to the circuit court by Mr. Gould's petition related to the function and the effect of the uniform traffic citation. More than twenty years ago, the Supreme Court of Florida noted that a charging document "is not evidence against an accused, but, rather, is nothing more or less than the vehicle by which the state charges that a crime has been committed." *Dougan v. State*, 470 So.2d 697, 701 (Fla. 1985).

By itself, the uniform traffic citation does not constitute evidence. Thus it is ironic that at least some of the county judges in the Tenth Judicial Circuit regularly do what those same judges instruct jurors that they cannot do — rely on the charging document alone as evidence of guilt. We disapprove this practice because it is inconsistent with the provisions of rule 3.133(a) concerning non-adversary probable cause determinations. For all of these reasons, the circuit court departed from the essential requirements of the law in denying Mr. Gould's petition for writ of habeas corpus.

## MISCARRIAGE OF JUSTICE

When determining whether the circuit court's error amounts to a "miscarriage of justice," an important factor is the effect of the error on other cases. *Alliston*, 813 So.2d at 145.

The order denying Mr. Gould's petition establishes the general principle that a uniform traffic citation, by itself, provides probable cause for a defendant's arrest and continued detention. Furthermore, the circuit court appellate decision in this case is binding on all three county courts within the Tenth Judicial Circuit. *See Fieselman v. State*, 566 So.2d 768, 770 (Fla. 1990). Because the circuit court's application of incorrect law established a legal principle binding on lower courts that is neither fact-dependent nor fact-specific, the circuit court's decision results in a miscarriage of justice that warrants the exercise of this court's certiorari jurisdiction.

## COUNT III

## INEFFECTIVE ASSISTANCE OF APPOINTED PUBLIC DEFENDER

Defendant contacted the Public Defender's office repeatedly for a Public Defender that after many weeks was finally assigned. Defendant obtained phone number and he never returned calls or messages. A complaint has been filed with the Florida State Bar. ( Exhibit – pending complaint against attorney)

to establish ineffective assistance of counsel he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, there must be a showing that the deficient performance so prejudiced the defense that defendant was deprived of a fair trial.

## CONCLUSION AND RELIEF SOUGHT

Defendant respectfully request that Habeous Corpus is grant and provide relief as warranted. To grant a dismissal of all charges due to no probable cause and conflict of laws and to be ROR from pretrial release conditions.

Under rule governing whether probable cause warrants detaining an arrestee pending proceedings, "probable cause" means a reasonable ground of suspicion supported by circumstances strong enough to warrant a cautious person to believe that the named suspect is guilty of the charged offense. Gould v. State, App. 2 Dist. 974 So. 2d 441 (2007).

The purpose of the writ of habeas corpus is to determine whether the petitioner is legally imprisoned or restrained of his liberty, and a petition for habeas corpus must make out a prima facie case. Flicker v. Duff, 290 So.2d 129 (Fla. 1st DCA 1974)

Circuit court departed from the essential requirements of the law when it disposed petition for writ of habeas corpus that sought relief from driving under the influence (DUI) arrest and continued detention, as required to allow appellate court to exercise certiore jurisdiction and quash the order, circuit court applied a decision with no precedential value and, as petition asserted, magistrate had applied wrong standard for determining probable cause for pretrial detention, and the uniform traffic citation charging petitioner with DUI, which indicated that petitioner's blood alcohol level was "0.00," and which did not include any facts to indicate that petitioner's faculties were impaired, did not provide requisite probable cause for arrest and detention. Gould v. State, App. 2 Dist. 974 So. 2d 441 (2007).

Circuit court's application of incorrect, language in disposing of petition for writ of habeous corpus that sought relief from driving under the influence (DUI) arrest and continued detention resulted in a "miscarriage of justice" warranting appellate court's exercise of certiorari jurisdiction to quash the order; the denial of the petition established the general principle that a

uniform traffic citation could provide sole proof of probable cause for defendant's arrest and continued detention and the decision was binding on county courts within the circuit. Gould v. State, App. 2 Dist., 974 So. 2d 441 (2007)